IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>-vs- )<br>)<br>JOHN M. NOEL, )<br>)<br>DEFENDANT. )<br>) | Case No.  14-10040-EFM |

MOTION TO SUPPRESS STOP AND SEARCH

**COMES NOW,** the Defendant, John M. Noel, and moves the Court to Suppress the stop and search of the Defendant vehicle and not to admit any evidence stemming therefrom. For cause the Defendant would show the Court the following, to-wit:

1. The Defendant was stopped for on March 3, 2014.

2. The Defendant's vehicle was stopped because his "truck tag" was covered by snow.

3. This is not a violation of Kansas law K.S.A. 8-133 concerns the display of a license plate. The statute does not apply to the instant situation.

4. K.S.A. 8-1706 applies to the lighting of a license plate on a vehicle and does not apply to the current situation.

5. The Defendant was placed in custody for an alleged "active warrant" (the Defendant denies there was a warrant for his arrest).

6. A drug dog was then allowed to enter into the Defendant's vehicle and based on a "hit" by the drug dog a search of the vehicle occurred.

7. The Defendant asserts the stop and search were illegal and violated his constitutional rights.

## Law and Argument

Traffic stops are seizures within the meaning of the Fourth Amendment analogous to investigative detentions. See United States v. Bradford, 423 F. 3d 1149 (10th Cir. 2005). A traffic stop is lawful if the detaining officer has a reasonable suspicion that (1) criminal activity may be afoot, see United States v. Arvizu, 534 U.S. 266, 122 S. Ct. 744, 151 L. ed. 2d 740 (2002), or (2) a traffic violation has occurred or is occurring, see **United States v. Soto**, 988 F. 2d 1548, 1548, 1544 (10th Cir. 1993).

The burden rests with the government to prove the reasonableness of the officer's suspicion. **United States –vs- Salzano,** 158 F. 3d 1107 (10th Cir. 1998). "A variety of factors may contribute to the formation of an objectively reasonable suspicion of illegal activity." **United States –vs- Hunnicut,** 135 F. 3d 1345 (10th Cir. 1998). The law does not specify a minimum of factors necessary to constitute reasonable suspicion." **United States –vs- Gutierrez-Daniez,** 131 F. 3d 939 (10th Cir. 1997). Arriving at reasonable suspicion is a process dealing with probabilities, not hard certainties, "as understood by those versed in the field of law enforcement." Instead of closing their eyes to suspicious circumstnaces, officer may call on their own experience and training to judge facts and even "perceive meaning in actions that appear innocuous to the untrained observer." **Gutierrez-Daniez,** 131 F.3d at 942. On the other hand, "[i]nchoate suspicions and unparticularized hunches … do not provide reasonable suspicion." **Salzano**, 158 F.3d at 1111. "While the necessary level of suspicion is considerably less than proof of

wrongdoing by a preponderance of the evidence, the Fourth Amendment requires some minimal level of objective justification." **Gutierrez-Daniez,** 131 F. 3d at 942.

The court "judge[s] the officer's conduct [*19] in light of common sense and ordinary human experience." **United States –vs- Mendez,** 118 F.3d 1426, 1431 (10th Cir. 1997). "This approach is intended to avoid unrealistic second-guessing of police officer's decisions and to accord appropriate deference to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions." **Gutierez-Daniez,** 131 F.3d at 941. Rather than pigeonholing each fact as either innocuous or suspicious, we look at the totality of the circumstances in determining whether reasonable suspicion justified a longer detention. **Mendez,** 118 F. 3d at 1431.

To lawfully initiate a traffic stop, "the detaining officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring." **US –vs- Soto,** 988 F.2d at 1548 (10th Circuit). Thus, the constitutionality of an initial stop depends upon whether the detaining officer "had reasonable suspicion that this particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." **United States –vs- Botero-Ospina,** 71 F.3d 783 (10th Cir. 1995).

In the instant matter a dog entered the Defendant's vehicle. When the dog entered the Defendant's vehicle it became a search under the circumstances of the instant matter. (see **US –vs- Lujan,** unpublished decision, 398 F. ed.Appx. 347; 2010)

Further, there is no reliability set forth for the drug dog. The Court must determine the drug dog is reliable. (**Florida –vs- Clayton Harris,** 133 S. Ct. 1050; 185 L.Ed.2d 61; 2013).

The stop and search were illegal and should be suppressed and evidence stemming therefrom not admitted.

In addition, there was no reliability shown for the drug dog and therefore the search should be suppressed and no evidence stemming therefrom should be admitted.

**IT IS SO MOVED.**

                            **S/Charles A. O'Hara**
                            **Charles A. O'Hara, Attorney for**
                            **Defendant, John M. Noel**

**CERTICATE OF SERVICE**

I, Charles A. O'Hara, do hereby certify that I electronically filed the foregoing Motion to Suppress Stop and Search with the Clerk of the Court by using the EM/ECF system, which will send a notice of the filing to the United States Attorney's Office, on this 6th day of May, 2014.

                            **S/Charles A. O'Hara**
                            **Charles A. O'Hara**
                            **Bar No. 08979**
                            **Attorney for John M. Noel**
                            **O'Hara & O'Hara LLC**
                            **1223 E. First Street**
                            **Wichita, Kansas 67214**
                            **Phone No. (316) 263-5601**
                            **Fax No. (316) 263-7205**
                            **E-mail address: ohara@oharaohara.com**